OPINION
{¶ 1} Mary Ann Taylor appeals from a judgment of the domestic relations division of the Clark County Court of Common Pleas, which issued a divorce decree terminating her marriage to Harold E. Taylor.
 {¶ 2} The Taylors were married in Tennessee on April 12, 1980. No children were born as a result of the marriage. On February 6, 2002, Mrs. Taylor filed for divorce in Clark County. A hearing was held on July 17, 2002. Some aspects of the divorce, such as the property division, were agreed upon by the parties. However, other issues, including the issues of spousal support and allocation of marital debts, were determined by the court based upon the evidence presented at the hearing. The divorce decree was filed on July 31, 2002. As relevant to this appeal, it provided that Mr. Taylor was to pay Mrs. Taylor $450 per month in spousal support for five years and that the trial court would retain jurisdiction to modify the amount or duration of the award upon a showing of a substantial change in the circumstances of either party. The decree further provided that each party would retain one vehicle, with Mrs. Taylor retaining a 1993 Pontiac Bonneville, and that each would be responsible for payment of the debt on that vehicle.
 {¶ 3} Mrs. Taylor appeals, raising two assignments of error.
 {¶ 4} "I. The Court Failed To Make An Equitable Division Of The Parties [sic] Income And Debts In Allocation [sic] Spousal Support As Required By Section 3105.18 Of The Ohio Revised Code."
 {¶ 5} Under this assignment of error, Mrs. Taylor argues that the court failed to give appropriate weight to various factors of R.C.3105.18(C)(1) and that the spousal support award was too low.
 {¶ 6} We review a trial court's decision regarding spousal support for abuse of discretion, which implies that the court's decision was unreasonable, arbitrary, or unconscionable. See Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 7} R.C. 3105.18(C)(1) provides:
 {¶ 8} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 9} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 10} "(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 11} "(d) The retirement benefits of the parties;
 {¶ 12} "(e) The duration of the marriage;
 {¶ 13} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 14} "(g) The standard of living of the parties established during the marriage;
 {¶ 15} "(h) The relative extent of education of the parties;
 {¶ 16} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 17} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 18} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 19} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 20} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 21} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 22} In particular, Mrs. Taylor argues that the trial court failed to give sufficient weight to the length of the parties' marriage and to injuries that prohibited her from earning a sufficient income to meet her needs.
 {¶ 23} Our review of the divorce decree indicates that the trial court considered every factor of R.C. 3105.18(C)(1). In particular, the court noted that Mr. Taylor earned $52,000 a year, and Mrs. Taylor earned $5.25 per hour working 12 to 23 hours a week as a waitress. However, the court further noted that, according to her own testimony, Mrs. Taylor was not employed at her full earning capacity and was looking for more appropriate employment. During the parties' marriage, Mrs. Taylor had worked at an industrial job and maintained a higher income. Although Mrs. Taylor had testified regarding injuries that kept her from returning to an industrial job, she presented no medical evidence that she was unable to obtain higher paying employment or employment for 40 hours a week.
 {¶ 24} The trial court also considered the expenses of the parties. Mrs. Taylor testified that she had expenses of $1,200 per month. However, those expenses included cigarettes and medical care for her dog, both of which the trial court found were not properly included in her monthly expenses for the purpose of determining spousal support. Thus, Mrs. Taylor agreed that her monthly expenses were closer to $1,000. The court considered the relative standard of living of the parties and noted that Mr. Taylor was enjoying a higher standard of living than Mrs. Taylor. The court further concluded that Mr. Taylor was able to pay spousal support to Mrs. Taylor. The court also considered the length of the parties' marriage.
 {¶ 25} Based upon its consideration of all of the factors contained in R.C. 3105.18(C)(1), the trial court ordered Mr. Taylor to pay Mrs. Taylor spousal support of $450 per month for five years. Based upon our review of the record, the trial court did not abuse its discretion in making this award. We recognize that, working 12 to 23 hours per week at $5.25 and receiving $450 per month in spousal support, Mrs. Taylor does not earn a sufficient income to meet her legitimate monthly expenses. However, the trial court concluded that she had not presented sufficient medical evidence regarding injuries that prevented her from returning to a higher paying industrial job. We also note that, although Mrs. Taylor testified that her current employer would not employ her for 40 hours per week, she failed to explain why she could not obtain another minimum wage position that would allow her to work for 40 hours a week. Based upon these facts, it was not an abuse of discretion for the trial court to award her $450 per month in spousal support. Furthermore, the trial court retained jurisdiction to modify this award in the event that circumstances change.
 {¶ 26} The first assignment of error is overruled.
 {¶ 27} "II. The Court Abused His [sic] Discretion In Allocation [sic] The Debts Of The Parties."
 {¶ 28} Under this assignment of error, Mrs. Taylor appears to argue that the trial court erred in requiring her to pay her own health insurance and to make the payments on the 1993 Pontiac Bonneville.
 {¶ 29} Based upon the evidence presented to the trial court, we cannot conclude that the trial court abused its discretion in allocating these expenses to Mrs. Taylor. As stated above, Mrs. Taylor testified that she was looking for a job that would provide more money and health insurance, and there is no evidence that she will be unable to secure such a job. She also testified that she had two worker's compensation claims that paid for medical treatment with respect to her job-related injuries. Furthermore, Mrs. Taylor received one half of the equity in the house, which she states was a net of approximately $20,000, and the amount owed on the automobile was approximately $2,000 as of the date of the hearing. Therefore, Mrs. Taylor could use the money from the sale of the marital residence to pay for the car and to obtain health insurance. Based upon the total property settlement, it was reasonable for the trial court to require Mrs. Taylor to procure her own health insurance and make payments on the automobile that she received.
 {¶ 30} The second assignment of error is overruled.
 {¶ 31} The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.